# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50256 | **DATE** | 12/7/2001 |
| **CASE TITLE** | CHASE MORTGAGE vs. WENZEL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for summary judgment of foreclosure is granted. The parties are to appear on December 26, 2001 at 9:00 a.m. as to the relief to be granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC - 7 2001 | 33 |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| /SEC6 | courtroom deputy's initials | Date/time received in central Clerk's Office | DEC - 7 2001 date mailed | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff Chase Mortgage Company-West, f/k/a Mellon Mortgage Company ("Chase"), filed a complaint for foreclosure against defendants Catherine M. and Mary Ann Wenzel ("the Wenzels") pursuant to the Illinois Mortgage Foreclosure Law, 735 ILL. COMP. STAT. 5/15-1101 et seq.. The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as Chase is a New Jersey corporation with its principal place of business in Ohio, the Wenzels are citizens of Illinois, and the amount in controversy exceeds $75,000. (Compl. ¶ 1) Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(a). Chase has filed a motion under Fed. R. Civ. P. 56 for summary judgment, alleging there are no genuine issues of material fact and Chase is entitled to a judgment of foreclosure as a matter of law.

On July 3, 1995, the parties executed a note and mortgage in the amount of $108,000. (Compl. ¶ 4; LR 56.1(b) ¶ 1) The parties agree the Wenzels have defaulted on the mortgage, but disagree as to the amount due. The dispute centers on the Wenzels' ability to discontinue private mortgage insurance ("PMI"). The Wenzels argue PMI payments were to discontinue when certain conditions were met, based on oral statements made by a Chase agent at the closing. (C. Wenzel Aff., ¶ 3; LR 56.1 (b) ¶¶ 7-10) Chase argues paragraph 8 of the mortgage requires any agreement about the discontinuance of PMI payments to be in writing. Paragraph 8 of the mortgage states in part: "Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law." (Compl. Exh. B) No written agreement between the Wenzels and Chase concerning termination of PMI exists in this matter, and applicable law does not apply to the mortgage loan in this case so as to determine an ending time for private mortgage insurance. (LR 56.1(b) ¶¶ 4-5) Paragraph 2 also states that, "subject to applicable law or to a written waiver by Lender, Borrower shall pay" a sum, which includes yearly mortgage insurance premiums, if any, "until the Note is paid in full." (Id.)[1]

The court finds paragraph 8 unambiguously states the Wenzels must pay mortgage insurance premiums until the requirement for mortgage insurance ends in accordance with any written agreement between Chase and the Wenzels. Cf. Perez v. Citicorp Mortgage, Inc., 703 N.E.2d 518, 525-26 (Ill. App. Ct. 1998). The Wenzels seek to introduce oral evidence, but under Illinois law, if a contract is clear and unambiguous, the contract is interpreted as a matter of law within the four corners of the contract, without the use of parol evidence. Air Safety, Inc. v. Teachers Realty Corp., 706 N.E.2d 882, 884 (Ill. 1999); see also Kaplan v. Shure Bros., Inc., 266 F.3d 598, 604 (7th Cir. 2001). Even if a contract is facially unambiguous, objective extrinsic evidence may be considered to show a latent ambiguity in the contract language. See AM Int'l, Inc. v. Graphic Mgmt. Assoc., Inc., 44 F.3d 572, 575 (7th Cir. 1995). Catherine Wenzel's affidavit regarding statements made during the closing does not fall within this exception and is inadmissible. See id. Plaintiff's motion for summary judgment of foreclosure is granted.

---

[1] The court will apply Illinois law pursuant to the mortgage's choice-of-law provision. Compl. Exh. B, ¶ 15; see Turner/Ozanne v. Hyman/Power, 111 F.3d 1312, 1320 (7th Cir. 1997) (no general federal common law except in a few, unique areas); DeValk Lincoln Mercury, Inc. v. Ford Motor Co., 811 F.2d 326, 330 (7th Cir. 1987) (Illinois courts generally honor a contractual choice of law clause). The court notes Illinois' Mortgage Insurance Limitation and Notification Act, 765 ILL. COMP. STAT. 930/1 et seq., is inapplicable to the 1995 mortgage at issue here. See Perez v. Citicorp Mortgage, Inc., 703 N.E.2d 518, 520 (Ill. App. Ct. 1998).